IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY LAYNE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:06-0940 |
| v. ) | JUDGE TRAUGER / KNOWLES |
| ) | |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendants Ricky Bell, Mike Crutcher, and Roland Colson (hereinafter "Defendants").[1] Docket Entry No. 17. In support of that Motion, Defendants have filed an accompanying Memorandum of Law. Docket Entry No. 18.

Plaintiff filed this pro se action, alleging violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Entry No. 1. Specifically, Plaintiff avers that he is an "Ultra Orthodox Jew" and was not provided a kosher diet. *Id.* Plaintiff seeks, *inter alia*, "1 million in

---

[1]Plaintiff also names as Defendants the Tennessee Department of Correction and "Assistant Food Service Manager J. Russell." Docket Entry No. 1. Neither TDOC nor Mr. Russell are parties to this Motion: TDOC has not joined in the Motion, and Mr. Russell has not been served (Docket Entry No. 4).

1

official capacity" from "each defendant."  Docket Entry No. 1.

Defendants Bell, Crutcher, and Colson filed the instant Motion to Dismiss and accompanying Memorandum of Law on December 19, 2006.  Docket Entry Nos. 17 and 18.  Defendants, who are employees of the Tennessee Department of Correction, argue that because Plaintiff sues them in their official capacities only, they stand in the shoes of the State of Tennessee; that the state is not a "person" subject to suit under § 1983; and that Plaintiff's claims for money damages against them are barred by the Eleventh Amendment.  *Id.*

Plaintiff has not responded to Defendants' Motion.

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II.  Facts[2]

Plaintiff, an inmate housed in Riverbend Maximum Security Prison, is an "Ultra Orthodox Jew," who requested a kosher diet, but did not receive it.  Plaintiff filed a grievance, but was told that TDOC policy "prohibited" meeting his dietary request.

## III.  Analysis

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46

---

[2]The following "facts" are derived from Plaintiff's Complaint.  Docket Entry No. 1.

(1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

Plaintiff sues Defendants Bell, Crutcher, and Colson in their official capacities only.[3] Docket Entry No. 1. As discussed above, Defendants Bell, Crutcher, and Colson are employees of the

---

[3]Plaintiff clearly sues Defendant Bell only in his official capacity and not in his individual capacity. Docket Entry No. 1, p. 4 ¶ III(B)(2). Plaintiff's Complaint also indicates that the relief he is seeking against each Defendant is "1 million in official capacity." *Id.*, p. 6 ¶ V(A). *See also Wells v. Brown*, 891 F.2d 591, 592-594, (6th Cir. 1989) (If plaintiff does not specify the capacity in which a defendant is sued, the Court presumes that the defendant is being sued in his official capacity).

Tennessee Department of Correction. In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. Because Defendants Bell, Crutcher, and Colson are employees of the Tennessee Department of Correction, Plaintiff's claims against them in their official capacity are claims against the state of Tennessee.

42 U.S.C. § 1983 authorizes the imposition of liability against every "person" who, acting under color of state law, violates another person's federally protected rights.[4] *See* 42 U.S.C. § 1983. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Because the State of Tennessee is not a "person" subject to suit for damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim upon which relief can be granted; accordingly, he cannot sustain this claim.

---

[4] 42 U.S.C. § 1983 specifically provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Although TDOC is not a party to this Motion and has not moved for a dismissal of Plaintiff's claims against it, it is clear that Plaintiff cannot state a claim against TDOC for the reasons set forth above. The Court can, and should, dismiss Plaintiff's claim against TDOC on its own Motion, pursuant to 42 U.S.C. § 1997e(c).

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket Entry No. 17) be GRANTED and that Plaintiff's claims against Defendants Bell, Crutcher, Colson, and TDOC be DISMISSED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge