IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANNY LAYNE WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 3:06-0940** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| **J. RUSSELL, Assistant Food Service Manager,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On April 9, 2007, the undersigned entered an Order requiring Plaintiff to file a written statement showing good cause for his failure to serve Defendant "J. Russell" within 120 days after the filing of the Complaint. Docket No. 31. Shortly thereafter, Plaintiff filed a "Request & Written Statement Reply to Order." Docket No. 32. In that Reply, Plaintiff stated that he is incarcerated and "has no means of resources to find and serve [Defendant]." Plaintiff further states that Defendant Russell left the employment of Riverbend Maximum Security Institution and that he attempted to find an address for her, but, "because it's a maximum security prison which houses death row they would not give me her address."[1] *Id.*, p. 1.

Upon further consideration, the Court concludes that it need not focus on service of process issues at this point, because Plaintiff's claims against Defendant Russell must be dismissed on other grounds.

---

[1] At some points in the record Defendant Russell is referred to as Mr. J. Russell, and at other points in the record Defendant Russell is referred to as Ms. Russell.

This is a pro se, in forma pauperis action, filed pursuant to 42 U.S.C. § 1983. Docket No. 1. Plaintiff sued 5 Defendants, alleging a violation of his First Amendment Rights. He avers that he is an "Ultra Orthodox Jew" and was not provided a kosher diet. The allegations of the Complaint with regard to Defendant Russell are as follows:

> I'm also suing AFSM J. Russell due to the fact that he also deprived me of my religious diet by responding on grievance answer that he is prohibited from meeting my dietary needs due to TDOC policy. This goes back to Torcaso v. Waking, 367 U.S. 488, 492-443 [*sic*]. Government can't make law prohibiting free exercise of religion. This so said, just because he is under guidelines made to deny me a Jew my diet at Riverbend does not justify or excuse him from respecting the First Amendment. Also it should be noted that all other religions diets are met. Tennessee Department of Corrections, Ricky Bell, Roland Colson, Mike Crutcher, J. Russell, all provide the Muslims with their dietary needs but not honor the religious dietary needs and unique needs of Ultra Orthodox Jews or any Jew.

Docket No. 1, 7th unnumbered page.

Defendants Bell, Crutcher, and Colson previously filed a Motion to Dismiss, arguing that they were being sued in their official capacities only, that Plaintiff's claims against them were essentially being made against the State of Tennessee, that a State is not a person within the meaning of § 1983, and that Plaintiff had failed to state a claim upon which relief could be granted. Docket No. 17. The undersigned submitted a Report and Recommendation recommending that the Motion be granted on those grounds (Docket No. 27), and Judge Trauger adopted that Report and Recommendation (Docket No. 29).[2]

---

[2] The undersigned also recommended that Plaintiff's claims against the Tennessee Department of Correction should be dismissed, even though it was not a party to the Motion, because it was clear that Plaintiff could not state a claim against TDOC for the same reasons. Docket No. 27, p. 5. The Report and Recommendation stated, "The Court can, and should, dismiss Plaintiff's claim against TDOC on its own Motion, pursuant to 42 U.S.C. § 1997e(c)." *Id*. Judge Trauger also adopted this portion of the Report and Recommendation. Docket No. 29.

2

42 U.S.C. § 1997e(c) provides in pertinent part as follows:

> **c. Dismissal.** The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's Complaint sues Defendant Russell in his or her official capacity only. Plaintiff seeks, *inter alia*, "1 million in official capacity" from "each Defendant." Docket Entry No. 1, 6th unnumbered page. Thus, as discussed in the undersigned's previous Report and Recommendation, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Russell.

For the foregoing reasons, the undersigned recommends that Plaintiff's claims against Defendant J. Russell be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                         E. Clifton Knowles
                         United States Magistrate Judge